IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY ALAN GLOSSNER,      :      No. 3:25-CV-2503
          Plaintiff      :
                                 :      (Judge Munley)
    v.      :
                                 :
SUPERVISOR SCI BENNER      :
MEDICAL DEP'T, *et al.*,      :
          Defendants      :

## MEMORANDUM

Plaintiff Jeffrey Alan Glossner initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging that he received constitutionally deficient medical care while incarcerated at SCI Benner Township. The court will dismiss Glossner's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## I.    BACKGROUND

Glossner asserts that he is incarcerated at SCI Benner Township, located in Bellefonte, Pennsylvania. (Doc. 1 at 2). His allegations are succinct: he avers that on December 28, 2023, he received a "Vivitrol" injection, which he had been receiving monthly to treat his substance-abuse disorder. (Id. at 4). The nurse

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

who administered the injection—presumably, defendant L.P.N. Lori Jozefik—failed to properly sterilize the injection site prior to administering the injection.[2] (Id. at 4, 6).  Glossner alleges that he developed a methicillin-resistant Staphylococcus aureus (MRSA) infection shortly after the improperly performed injection and had to be transferred to an outside hospital for seven days and treated with intravenous antibiotics.  (Id. at 4, 8).

Glossner appears to have exhausted his administrative remedies, (see generally Doc. 1-2), then lodged the instant complaint in this court in December 2025.  He sues two defendants—Nurse Jozefik and an unidentified "Supervisor" of SCI Benner Township's medical department.  (Doc. 1 at 1-3).  He raises two Section 1983 claims: (1) Eighth Amendment deliberate indifference to serious medical needs; and (2) a claim under Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 et seq.  (See id. at 7).  He seeks $100,000 in damages.  (Id. at 10).

## II.   STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees.  See 28 U.S.C. § 1915A(a).  One basis for dismissal at the screening

---

[2] Glossner never explicitly alleges that Nurse Jozefik was the medical provider who administered the at-issue Vivitrol injection.  However, that conclusion can reasonably be inferred from Glossner's complaint and the attached administrative remedy documents.

2

stage is if the complaint "fails to state a claim upon which relief may be granted[.]" Id. § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); O'Brien v. U.S. Fed. Gov't, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); cf. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230

3

(3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. Id. (quoting Iqbal, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

Because Glossner proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when

4

the *pro se* litigant, like Glossner, is incarcerated.  See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III.    DISCUSSION

As noted above, Glossner alleges that his treatment at SCI Benner Township violated the Eighth Amendment and the ADA.  His complaint, however, fails to state claim for relief.  The court will address Glossner's pleading deficiencies in turn.

### A.    Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior.*"  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); see also Ashcroft v. Iqbal, 556. U.S. 662, 676 (2009) (affirming same principle in Bivens context).  Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020).  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity.  Id. (quoting Rode, 845 F.2d at 1207).  Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to

5

Section 1983 liability.  See id. (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); Lewis v. Wetzel, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); Alexander v. Gennarini, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Glossner's first deficiency is that he fails to allege personal involvement in the purported constitutional violation by the unidentified "Supervisor" of SCI Benner Township's medical department.  His complaint is silent as to the alleged unlawful action (or inaction) of this Defendant.  In fact, besides being listed in the caption and the defendant-identification section, the Supervisor does not appear anywhere else in the pleading.  Moreover, simply because the Supervisor may oversee the prison's medical department does not make him or her vicariously liable under Section 1983 for the actions of his or her subordinates.  See Rode, 845 F.2d at 1207.  Accordingly, the court must dismiss any Section 1983 claim against the Supervisor pursuant to 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

**B.    Eighth Amendment Medical Indifference Claim**

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment" to incarcerated individuals. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly allege that "(1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need; and (3) the deliberate indifference caused harm to the plaintiff." Durham v. Kelley, 82 F.4th 217, 229 (3d Cir. 2023) (citation omitted); see also Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, and denial of reasonable requests for treatment resulting in unnecessary suffering or risk of injury. See Durmer v. O'Carroll, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting Lanzaro, 834 F.2d at 346). Deliberate indifference

7

to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation omitted). Claims sounding in mere medical negligence will not suffice. Rouse, 182 F.3d at 197.

Glossner's Eighth Amendment claims fail because he has not alleged deliberate indifference by any Defendant. His primary claim against Nurse Jozefik sounds in medical negligence (or medical malpractice), not deliberate indifference. Glossner alleges that Nurse Jozefik failed to "follow standard medical protocol" by sterilizing the injection site prior to administering the Vivitrol injection, and thus her medical treatment fell below the acceptable standard of care. (See Doc. 1 at 6). These allegations do not implicate deliberate indifference; rather, they reflect a quintessential medical malpractice or medical negligence claim, which is not actionable under Section 1983. See Rouse, 182 F.3d at 197. Glossner seems to admit as much, as in his complaint he uses the term "negligence" and sets out several of the elements of a state-law negligence claim. (See Doc. 1 at 9-10).

In another portion of his complaint, Glossner appears to allege that "Dr. Howard"—who is not named as a defendant—was also deliberately indifferent to his serious medical needs. Glossner recounts that he was seen by Dr. Howard on January 5, 2024, due to infection symptoms, and Dr. Howard examined him

and told him to return to the medical department the following day for a follow-up exam. (See Doc. 1 at 4, 7). The next day, Glossner returned to the medical department as directed and was promptly transferred to an outside hospital by an unidentified male nurse. (Id. at 4). These allegations of Dr. Howard's treatment do not even state a claim of negligence, much less deliberate indifference.

In sum, Glossner has not plausibly alleged that any Defendant acted with deliberate indifference toward his serious medical needs. His Eighth Amendment claims, therefore, will be dismissed under Section 1915A(b)(1) for failure to state a claim for relief.

## C. ADA Claim

Glossner appears to assert an individual capacity Title II ADA claim against Nurse Jozefik. The contours of his ADA claim are difficult to ascertain from his *pro se* complaint. As best as the court can discern, he is alleging that the negligent medical care he received from Nurse Jozefik also (somehow) violated Title II of the ADA. (See Doc. 1 at 7 (alleging that Title II of the ADA was violated by "improperly administ[e]ring medication and causing serious medical injury")).[3]

The court need not delve into the elements of a Title II ADA claim at this time. That is because there is no individual liability for such claims. See

---

[3] Glossner also filed a supplemental claim under the ADA regarding alleged delay in treating his substance-abuse disorder. (See Doc. 1-1; Doc. 9 at 2). He later moved to withdraw this claim. (See Doc. 10). That motion will be granted.

9

Montanez v. Price, 154 F.4th 127, 145 (3d Cir. 2025); see also Williams v. Pa. Human Relations Comm'n, 870 F.3d 294, 299 & n.27 (3d Cir. 2017) (holding that Title VII and ADA claims cannot be brought through a "back door to the federal courthouse" via 42 U.S.C. § 1983, and noting that Title VII and ADA claims are intended to impose liability on employers, not individuals); Fasano v. Fed. Reserve Bank of N.Y., 457 F.3d 274, 289 (3d Cir. 2006) (noting in dicta that "neither the ADA nor 12 U.S.C. § 1831j permit individual damages liability on the part of employees").

The individual Defendants in this case are not "public entities," so they cannot be sued under Title II of the ADA.  See Montanez, 154 F.4th at 145 (citation omitted); 42 U.S.C. § 12132.  Accordingly, Glossner's individual capacity ADA claim against Nurse Jozefik must be dismissed under Section 1915A(b)(1) for failure to state a claim as well.

### D.    Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."  Grayson, 293 F.3d at 114.  The court will grant Glossner leave to amend in the event that he could plausibly allege a Section 1983 claim.  Glossner may not, however, reassert the Eighth Amendment claim raised in his original complaint involving the non-sterilized

injection, as those allegations plainly do not implicate a constitutional violation. Additionally, Glossner may not reassert any individual capacity claims under Title II of the ADA, as there is no individual liability for such claims.

Alternatively, Glossner may opt to pursue a claim of medical negligence (*i.e.*, medical malpractice) in state court, as that appears to be the gravamen of his complaint.  This court would not have subject matter jurisdiction over any such state-law tort claim without a related federal anchor claim.  See generally 28 U.S.C. § 1331; 28 U.S.C. § 1332.  If Glossner does not timely file an appropriate amended pleading, dismissal of his complaint will automatically convert to dismissal with prejudice and the court will close this case.

## IV.   CONCLUSION

Based on the foregoing, the court will dismiss Glossner's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Limited leave to amend will be granted.  An appropriate Order follows.

Date: ___4/24/26___

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

11